May 21, 2025

VIA ECF



Hon. Richard M. Berman
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Burnham, et al., v. Compass Minerals International, Inc., et al., Case No. 1:25-cv-03892*

Dear Judge Berman:

We represent Defendants Compass Minerals International Inc. and Compass Minerals

America, Inc. (collectively, "Defendants"). As mentioned on today's call with chambers, we write

to briefly lay out why a Temporary Restraining Order ("TRO") is entirely unwarranted.

Plaintiffs seek to enjoin Defendants from selling Fortress to a third party—even though

Plaintiffs were aware of this possibility for months—after Plaintiffs' attempts to re-purchase

Fortress from Defendants were unsuccessful.  Because there is no imminent threat of irreparable

harm, we ask that the Court deny Plaintiffs' TRO and, instead, set a briefing schedule on Plaintiffs'

motion for Preliminary Injunction.

## BACKGROUND

Plaintiffs are the co-founders of Fortress North America, LLC ("Fortress"), a distributor

and manufacturer of fire retardants that was acquired by Defendants in May 2023 following the

execution of a Membership Interest Purchase Agreement ("MIPA"). After the acquisition, the

United States Forestry Service ("USFS") determined Fortress's fire retardant caused air tanker

corrosion issues and refused to enter into a 2024 contract with Defendants. After losing its only

customer, Defendants made the commercially reasonable business decision to shut down Fortress

on March 25, 2025. All employees have since been let go and operations have ceased.

On April 8, 2025, Plaintiffs filed this lawsuit alleging Defendants violated the MIPA, in

part by shutting down Fortress approximately two months before it was permitted to do so under

the MIPA; namely, May 5, 2025 (two years after the close date). As the Court is aware, upon filing the lawsuit, Plaintiffs did not seek a TRO or Preliminary Injunction to force any of the relief now sought. The Complaint goes onto allege that Plaintiffs are entitled to damages based on performance-related metrics set forth in the MIPA.

Since filing this lawsuit, Plaintiffs sought to re-purchase Fortress from Defendants and were aware for **months** that other third parties were similarly interested in purchasing Fortress. Ultimately, Defendants entered into an exclusivity period with a different third party and informed Plaintiffs of that fact over a week ago. Now, two days before the end of the exclusivity period, Plaintiffs have had a sudden revelation of urgency and bring a motion for TRO or Preliminary Injunction based on the same allegations that they brought almost two month ago—i.e., Defendants' decision to wind down Fortress prior to May 5, 2025.

I.    **The Damages that Plaintiffs Seek are Economic in Nature and Are Not Irreparable.**

Although other reasons exist for denying Plaintiffs' TRO, one clear reason is that Plaintiffs' damages are not irreparable. "[I]rreparable harm exists only where there is a threatened imminent loss that will be very difficult to quantify at trial." *Torn Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 38 (2d Cir. 1995). "The ability of plaintiff to recover money damages as an adequate remedy for losses suffered precludes a finding of irreparable harm." *PDL Vitari Corp. V. Olympus Indus., Inc.*, 718 F. Supp. 197, 205 (S.D.N.Y. 1989) (denying motion for preliminary injunction where plaintiff's alleged losses were capable of ascertainment).

Plaintiffs' Complaint alleges that Defendants breached the MIPA by shuttering Fortress on March 25, 2025, rather than May 5, 2025, and requests specific performance in that Defendants reopen and operate Fortress through that date. Plaintiffs Complaint is devoid of allegations that would require Defendants—if they had performed all alleged obligations under the MIPA—to

continue running Fortress through today and beyond. In essence, the specific performance Plaintiffs request from this Court is for Defendants to go back in time and continue operating Fortress for a period of less than two months because, by doing so, Plaintiffs could have been entitled to additional payouts if performance thresholds under the MIPA were met.

The additional payouts to which Plaintiffs claim to be entitled under the MIPA, whether it be for the allegedly early stop in operations or for any other alleged breaches that impacted sales or operational goals, can all be remedied by economic damages based largely on the calculations set out in the MIPA. Any sale of Fortress, which will occur after the two-year timeframe Defendants were allegedly required to operate it, does not change the economic nature of Plaintiffs' relief. Accordingly, no irreparable harm exists, and the motion should be denied.

## II.    Briefing Schedule

To the extent the Court sets a briefing schedule on the preliminary injunction, Defendants would request two weeks for their response to accommodate client communication during the Memorial day weekend and holiday.

Respectfully submitted,

*/s/ Rebecca R. Mclaughlin*

CC: Plaintiffs' Counsel (*via ECF*)



The court will hold a conference on Tuesday, May 27, 2025 in Courtroom 17B at 11:30 (500 Pearl St, NYC). The parties are directed to use their best efforts to settle this case prior to the conference.

SO ORDERED.

Date: 5/21/25

Richard M. Berman, U.S.D.J.