UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BURNHAM and MICHAEL ASHKER, in both his individual capacity and in his capacity as the Sellers Representative under the Parties' May 5, 2023 Membership Interest Purchase Agreement<br><br>Plaintiffs,<br><br>vs.<br><br>COMPASS MINERALS INTERNATIONAL, INC. and COMPASS MINERALS AMERICA, INC.<br><br>Defendants. | Case No.:   1:25-cv-03892-RMB |

## DECLARATION OF ED DOWLING

I, Edward Dowling, pursuant to 28 U.S.C. § 1746, and based upon personal knowledge and belief, declare and state as follows:

1. I am the Chief Executive Officer at Compass Minerals.

2. I have personal knowledge of the following to be used in support of Defendant Compass Minerals Inc. and Compass Minerals America, Inc.'s ("Defendants") opposition to Plaintiffs' motion for Temporary Restraining Order.

**A. Mr. Burnham and Mr. Ashker's Knowledge of Sale Negotiations.**

3. Robert Burnham ("Mr. Burnham") and Michael Ashker ("Mr. Ashker"), co-founders of Fortress North America, LLC ("Fortress") which was sold to Defendants in May 2023, have been aware of and involved in sale negotiations regarding Fortress for months.

4. Mr. Burnham and Mr. Ashker, thus, had knowledge that other third parties had also

been interested in purchasing Fortress for at least a month, and likely longer.

5. On May 2, 2025, Defendants entered into a 20-day exclusivity period with a third party to finalize the terms of a potential sale of Fortress.

6. Mr. Burnham and/or Mr. Ashker were aware that Defendants entered into an exclusivity period on or about May 7, 2025.

**B. Mr. Burnham and Mr. Ashker's Termination.**

7. Upon acquiring Fortress, allegations were raised regarding certain actions taken by Mr. Burnham and Mr. Ashker.

8. Defendants investigated those concerns, enlisting the help of an outside Firm to look into the allegations.

9. The investigation substantiated that Mr. Burnham and Mr. Ashker had engaged in conduct violative of Defendants' Code of Conduct and Ethics, including being dishonest in communications to the United States Forestry Service ("USFS")—Fortress's largest and most significant customer.

10. Mr. Burnham was Mr. Ashker were terminated for cause shortly after.

**C. Fortress's Cessation in Operation.**

11. Fortress as a purveyor of flame retardants had one predominant customer: USFS.

12. Not long after Defendants acquired Fortress, the USFS found that Fortress's cornerstone product, a magnesium chloride fire retardant, caused significant corrosion in its airline tankers.

13. Due to the safety concern presented by the corrosion and the commencement of an investigation by the National Transportation Safety Board, which is ongoing, USDA did not contract with Defendants in 2024.

14. Defendants then undertook considerable time and expense to advance an alternate non-magnesium chloride product and commenced negotiations with the USFS for a contract for the 2025 fire season.

15. After failing to secure a contract for the alternate product for the 2025 fire season and with no certainty around the viability of the magnesium chloride product, Defendants made the determination that it was no longer commercially reasonable to operate the company at a continued loss.

16. Accordingly, Defendants commenced the wind down of Fortress operations on March 25, 2025 and let go all of Fortress's employees.

### D. While Operating Fortress, Defendants Conducted Business Under its Existing Name and Branding.

17. Between May 5, 2023, and March 25, 2025, Defendants operated Fortress under its existing name and branding.

18. Defendants conducted business under the Fortress entity legal names and held itself out in the market as Fortress using Fortress logos and branding.

19. Fortress letterhead was used in the numerous communications between USFS and the United States Department of Agriculture ("USDA"); was used on proposals to the USFS during the 2024 fire season contract negotiations; and was used in the signatures of Fortress employees' email accounts.

20. Fortress email addresses were altered, but that was necessary to integrate them into Defendants IT structure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __22 May__, 2025.

SIGNATURE: _____

Edward Dowling