UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BURNHAM and MICHAEL ASHKER, in both his individual capacity and in his capacity as the Sellers Representative under the Parties' May 5, 2023 Membership Interest Purchase Agreement,<br><br>Plaintiffs,<br><br>v.<br><br>COMPASS MINERALS INTERNATIONAL, INC. and COMPASS MINERALS AMERICA, INC.,<br><br>Defendants. | No. 25 Civ. 3892 (RMB) (OTW) |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER  *RMB*

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which may include, among other things, producing documents and taking depositions;

WHEREAS, those discovery proceedings may involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential, as defined below; and

WHEREAS, the public's right of access to information about judicial proceedings must be balanced with the Parties' legitimate needs to have certain information treated confidentially,

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Stipulation and ~~[Proposed]~~ Protective Order (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests for documents, documents produced or testimony given pursuant to subpoena, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-party providing Discovery Material (each a "Producing Party") in this Litigation.

1. The Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party in good faith and reasonably believes that such Discovery Material contains nonpublic, confidential, personal, medical, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Information"). If any Party feels that the Discovery Material produced by the Producing Party warrants designation as Confidential Information, then that Party shall notify all Parties of the need to apply such a designation. If other Parties to the Litigation disagree

1

with the need to designate, the Parties will work, in good faith, to resolve the dispute. If the dispute cannot be resolved, then the Parties should notify the Court. The Court will resolve the dispute and may assess costs accordingly against any party that has acted in bad faith or without reasonable justification.

2. The designation of Confidential Information shall be made in the following manner:

   A. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Information; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Confidential Information (e.g., CD-ROM, DVD).

   B. In the case of depositions or other pre-trial testimony: deposition or other pre-trial testimony taken in connection with this Litigation will temporarily be designated as Confidential Information for up to thirty calendar days from all Parties' receipt of a transcript of the deposition. Counsel for a party may either designate all or a portion of a deposition transcript as confidential by making a statement on the record during the deposition, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order," or within thirty calendar days of receipt of the final transcript, each Party (or, if relevant, non-party) must notify the reporter and all counsel of record in writing to confirm any or all portions of the transcript as Confidential Information, and where the designation applies to less than the entire transcript, designating any such portions by page and line number. After thirty calendar days have elapsed, any portions

of the transcript that have not been affirmatively designated as Confidential Information will cease to be treated as Confidential Information under this Protective Order. In any event, a deponent may review the full transcript of his or her deposition at any time. The Parties agree to mark the first page of all copies of deposition transcripts containing Confidential Information with the appropriate legend indicating that the transcripts contain Confidential Information.

C. In the case of any other Discovery Material, by written notice that the Discovery Material includes Confidential Information, with best efforts to identify the specific material deemed Confidential.

D. For the avoidance of doubt, only the portion(s) of such Discovery Material that a Party has good cause to believe includes Confidential Information shall be marked as "Confidential," and the remaining portions of that Discovery Material shall not be marked as "Confidential."

3. The designation of Confidential Information shall constitute a representation by the Producing Party that such Discovery Material has been reviewed by an attorney representing the Producing Party or other agent of the Producing Party, and that there is good cause for such designation.

4. The Parties hereto agree that blanket designations of all Discovery Material as "Confidential Information" is improper, and that confidentiality designations shall be limited, to the extent possible, to only those Discovery Materials that contain "Confidential Information" as defined herein.

5. Inadvertent failure to designate Discovery Material as Confidential Information shall not constitute a waiver of such claim and may be corrected. A Producing Party or another Party in

accordance with Paragraph 1 may designate as Confidential Information any Discovery Material that has already been produced by notifying in writing all prior recipients of the need to apply such a designation. Thereafter, this Court and all persons subject to this Stipulation will treat such designated portion(s) of the Discovery Material as Confidential.

6. Confidential Information may be used for purposes of this Litigation only and will not be disclosed by the receiving Party to anyone other than those listed in Paragraph 7 except by prior written agreement of the Parties or by order of the Court.

7. Confidential Information may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons, and only for use in the Litigation:

   A. The Parties to the Litigation;

   B. Directors, officers, employees, beneficiaries, general partners, limited partners, and in-house counsel of the Parties to the Litigation, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation;

   C. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation;

   D. Experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors

of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation and who are not current employees of any of the Parties in the Litigation, provided such person first signs an undertaking in the form attached as Exhibit A hereto;

E. Witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation, provided such person first signs an undertaking in the form attached as Exhibit A hereto;

F. Only to the extent necessary for purposes of this Litigation and in accordance with this Stipulation, any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

G. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

H. Any person to whom the Producing Party agrees Confidential Information may be disclosed; and

I. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Information being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

8. To the extent that testimony is sought concerning Confidential Information during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition

5

or other venue during such testimony if the Confidential Information may not be disclosed to such person under the terms of this Stipulation.

9. Notwithstanding Paragraph 7(D) above, Confidential Information may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant is using said Confidential Information solely in connection with this Litigation, and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Information to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed certification and retaining the original, executed copy thereof.

10. Notwithstanding Paragraph 7(D) above, Confidential Information may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation.

11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(D), 7(E), or 7(I) above, counsel must provide a copy of this Stipulation to such person, who must sign an undertaking in the form attached as Exhibit A hereto stating that he or she has read this Stipulation and agrees to be bound by its terms. Said counsel must retain each signed undertaking, hold it in escrow, and produce it to counsel for the Producing Party either before such person is permitted to testify (at deposition or trial) or at the conclusion of this case, whichever comes first.

12. Every person to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Information, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

13. The designation of Confidential Information is subject to challenge by any Party. A Party shall not be obligated to challenge the propriety of the designation (or re-designation) of Confidential Information at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a Party disagrees at any time with a confidentiality designation made by a Party or non-party, the following procedure shall apply to any such challenge.

> A. Meet and Confer. The Party seeking removal of a confidentiality designation shall serve the Party that has designated the Discovery Material as Confidential Information written notice thereof specifying by Bates number, or line and page number for depositions, the documents, things, or information for which such removal of the confidentiality designation is sought and the reasons for the request. The Party must respond to the challenge within five (5) business days to reconsider the designation and, if no change in designation is offered, to explain why the confidentiality designation is appropriate and to object to its removal.

B. <u>Judicial Intervention</u>. If, after service of the objection and conferring in good faith, the Parties cannot reach agreement, the objecting Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Stipulation shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

14. The Parties are ordered to avoid unnecessary filing of Confidential Discovery Material in support of a pleading or motion, whenever and wherever possible. To this end, the Parties are expected to consult with each other at a reasonable time prior to filing any pleading or motion when they believe any Confidential Discovery Material needs to be filed in support thereof in order to minimize the possibility of public disclosure of particularly confidential information. Any document, material, or other information designated as entitled to protection under this order, which is submitted to the Court in support of a pleading or motion, or introduced at a hearing, trial, or other proceeding in this action, may continue as protected material only by order of the Court in accordance with these procedures. If the information entitled to protection under this order is submitted to the Court in support of a pleading or motion, such information shall maintain its protected status for ten (10) days. During this ten-day period, the Party who designated the information as protected may move the Court to continue the protected status of the information by filing a motion for continued protection. The moving party shall indicate whether the motion is opposed. If the motion is opposed, the opposing party shall have five (5) days from the date that the original motion is filed to file a response. The Court retains discretion whether to afford

confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

15. A Party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the Party who designated the information as protected requests the protection be continued, the Court will conduct an in camera review of the information to determine if the information is entitled to continued protection.

16. In the event that any Discovery Material designated as Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the Discovery Material shall lose its confidential status and become part of the public record, unless a Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Information is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

17. Entering into this Stipulation, or agreeing to and/or producing or receiving Confidential Information or otherwise complying with the terms of this Stipulation, shall not:

   A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

   B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Confidential Information;

9

C. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Information or contains or reflects trade secrets or any other type of Confidential Information;

D. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Information, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Stipulation;

E. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Confidential Information;

F. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

G. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

H. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

18. This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by a person of documents, materials, or information designated as Confidential Information obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

19. Pursuant to Federal Rule of Evidence 502(d), if Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity.

 A. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

 B. If a claim of inadvertent production is made, pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further use or disclosure of the claimed Inadvertent Production Material until the claim of privilege is resolved; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, or sequester all such claimed Inadvertent Production material (including summaries and excerpts) until the claim of privilege is resolved, and certify in writing to that fact.

 C. A Party may promptly present the Inadvertent Production Material to the Court under seal in connection with a motion for an order compelling production of the claimed

Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

D. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

20. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

21. Prior to any court proceeding in this Litigation in which Confidential Information is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Information.

22. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Information is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Information shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Information, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, motions, exhibits, deposition and trial transcripts, and attorney-created files (including attorney work product, correspondence, and Discovery Material containing Confidential Information), provided that such counsel, and employees of such counsel, shall

maintain the confidentiality thereof and shall not disclose such court papers, motions, exhibits, depositions and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Information) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

23. If any person in possession of Confidential Information (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Information produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall, if legally permitted, give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Information sought and enclosing a copy of the Demand, so that the Producing Party (or Producing Parties) may seek a protective order or other appropriate remedy, at the Producing Party's own (sole) expense. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Information covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Information will not constitute a violation of this Stipulation.

24. Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated "Confidential Information" pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

25. No Receiver shall reveal any Confidential Information to anyone not entitled to receive such Confidential Information under the terms of this Stipulation. In the event that Confidential Information is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention, that may indicate there was or is likely to be a loss of confidentiality of any Confidential Information, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Information by each unauthorized person who receives the information.

26. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.

27. This Order survives the termination of this litigation and remains in full force and effect unless modified or terminated by order of the Court or by written stipulation of all Parties filed with the Court.

DATED:   July 7, 2025

By: */s/ Joel Kurtzberg*

Joel Kurtzberg
*Counsel for Plaintiffs*

By: */s/ Rebecca R. McLaughlin*

Rebecca R. McLaughlin*
*Counsel for Defendants*

SO ORDERED this 9th day of July, 2025.

*RMB*

Judge Richard M. Berman

---

\* Pursuant to Rule 8.5(b) of the Electronic Case Filing Rules and Instructions, dated July 24, 2023, I, Joel Kurtzberg, represent the consent of Rebecca R. McLaughlin to file this document.

15

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulation for Protective Order in the above-captioned action and attached hereto, understands the terms hereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Stipulation for Protective Order and understands that the terms of the Stipulation for Protective Order obligate him/her to use materials designated as Confidential Discovery Material in accordance with the Order solely for purposes of the above-captioned action, and not to disclose any such Confidential Discovery Material to any other person, firm, or entity.

The undersigned acknowledges that violation of the Stipulation for Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____  Signature: _____