# DOWD BENNETT LLP

**Adam J. Simon**                    Direct Dial: (314) 889-7340                    Email: asimon@dowdbennett.com

---

**April 1, 2026**

MEMO ENDORSED

Pg. 3

<u>VIA ECF</u>

Hon. Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:**    ***Burnham, et al., v. Compass Minerals International, Inc., et al.***,  Case No. 1:25-cv-03892

Dear Judge Berman:

We represent Defendants Compass Minerals International, Inc. and Compass Minerals America Inc. (collectively, "Defendants") in the above-captioned matter. In accordance with Rule 4.A.2 of Your Honor's Individual Practices and Section 6 of the Electronic Case Filing Rules for the U.S. District Court for the Southern District of New York, we submit this letter motion requesting leave to file with redactions Defendants' Memorandum of Law in Support of Partial Motion to Dismiss (the "Memorandum").

Along with this letter motion, Defendants are filing under seal an unredacted version of the Memorandum with their requested redactions highlighted. Defendants are also filing the Memorandum on the public docket with their requested redactions. *See* ECF Rules, Section 6.11.

## LEGAL STANDARD

The First Amendment's presumption of public access to judicial documents can be overcome by judicial finding that "sealing is necessary to preserve higher values" and where "the sealing order is narrowly tailored to achieve that aim." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (cleaned up). Such "higher values" include "the protection of competitively sensitive business information." *Phase One Network, Inc. v. Ye*, No. 22-CV-9511,

**7676 FORSYTH BOULEVARD, SUITE 1900 · ST. LOUIS, MISSOURI 63105**
**314.889.7300 · FAX 314.863.2111 · WWW.DOWDBENNETT.COM**

# DOWD BENNETT LLP

April 1, 2026
Page 2

2024 WL 964613, at *2 (S.D.N.Y. Mar. 5, 2024). In addition, sealing or redaction is especially warranted where the applicable "higher values" implicate the confidential information of third parties. *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024) ("The Court finds that, for the proposed redactions specified in this paragraph, the privacy interests of third parties – relating to their identity, the terms of financial negotiations, contracts, or outstanding debts and balances with the litigants or nature and timing of the commercial relations therewith – outweighs the presumption of public access."); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001).

## ANALYSIS

Defendants request leave to file their Memorandum with limited redaction of the confidential information of Perimeter Solutions, Inc. ("Perimeter"), a non-party to this suit who has requested that this information remain sealed. Specifically, Defendants' only redactions in the Memorandum relate to the sensitive deal terms of the Asset Purchase Agreement ("APA") between Compass and Perimeter. Under a prior agreement, Defendants are required to obtain Perimeter's consent before it can disclose the APA, and Perimeter has not consented to its disclosure other than for the limited purpose of use in mediation. *See* ECF No. 59, Defendants' December 22, 2025 Letter Motion re Motion to Seal. The confidentiality of a non-party's sensitive deal information is a "higher value" warranting sealing. *See N. Star IP Holdings*, 710 F. Supp. 3d at 211.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request leave to file their Memorandum of Law in Support of Partial Motion to Dismiss with the redactions requested in the filings accompanying this letter motion.

# DOWD BENNETT LLP

April 1, 2026
Page 3


Respectfully submitted,

*/s/ Adam J. Simon*

CC: Plaintiffs' counsel (*via ECF*)

Application granted.  The Clerk of Court is directed to close the motions at Docket Number 67, Docket Number 59, and Docket Number 53.

SO ORDERED:
Date:  5/7/2026

Richard M. Berman, U.S.D.J.